IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEVIN MICHAEL GLADNEY | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-162 |
| SECURUS TECHNOLOGIES, LLC | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kevin Michael Gladney, a prisoner confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this civil action pursuant to the Americans with Disabilities Act (ADA) against Securus Technologies, LLC.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges Defendant provided tablets to TDCJ that inmates use to make telephone calls from their cells, even when the prison is on lockdown. Plaintiff asserts that Defendant has not provided a comparable means for hearing impaired inmates to make telephone calls from their cells.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989);

*McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a prima facie case for discrimination under the ADA, the plaintiff must show that he has a disability, he was qualified for the benefit, and a public entity intentionally denied the benefit because of the plaintiff's disability. *Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir. 1999). In addition to banning discrimination against disabled individuals, the ADA requires public entities to make reasonable accommodations for them. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004). To state

a claim under the ADA for failing to accommodate, the plaintiff must prove that:  (1) he has a qualifying disability; (2) the public entity knew about the disability and the plaintiff's limitations, either because the plaintiff requested an accommodation or the limitation was obvious; and (3) the public entity failed to make reasonable accommodations.  *Smith v. Harris Cnty*, 956 F.3d 311, 317 (5th Cir. 2020); *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723-24 (5th Cir. 2020).

A public entity is defined as a state or local government, a government department or agency, or a commuter authority. 42 U.S.C. § 12131(1).  Plaintiff has identified Securus Technologies, LLC as the defendant in this action.  Defendant is a corporation, not a public entity.  Because Plaintiff has not alleged that a public entity discriminated against him or failed to make reasonable accommodations for his disability, Plaintiff has not stated a cognizable claim under the ADA.

## Recommendation

This action should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 14th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE